```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :
J & J SPORTS PRODUCTIONS, INC.,                                     :
                                                                    :
                        Plaintiff,                                  :    17-cv-2196-ARR-CLP
                                                                    :
        -against-                                                   :    NOT FOR ELECTRONIC
                                                                    :    OR PRINT PUBLICATION
                                                                    :
THE AFRIKAN POETRY THEATRE INC. and                                 :    ORDER
SAIKU BRANCH,                                                       :
                                                                    :
                        Defendants.                                 :
                                                                    :
------------------------------------------------------------------- X
```

ROSS, United States District Judge:

The court has received the report and recommendation dated February 27, 2018, from the Honorable Cheryl Pollak, United States Magistrate Judge. R. & R., ECF No. 13. Plaintiff J & J Sports Productions, Inc. objected to a portion of the report and recommendation on March 5, 2018. Pl.'s Objs. to R. & R., ECF No. 14 ("Objs."). No other objections have been filed. For the reasons discussed below, I adopt the report and recommendation in its entirety.

## DISCUSSION

Unless there is clear error on the face of the record, I will adopt any portion of the report and recommendation to which plaintiff has not objected. See Advisory Comm. Notes to Fed. R. Civ. P. 72(b); accord Brissett v. Manhattan & Bronx Surface Transit Operating Auth., No. 09-cv-874, 2011 WL 1930682, at *1 (E.D.N.Y. May 19, 2011). In addition, I will "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1).

Plaintiff objects to the portion of the report and recommendation that recommends that the default against individual defendant Saiku Branch "be vacated and the case [against him] be

dismissed." Objs. 9. Judge Pollak concluded that plaintiff had not alleged sufficient facts in his complaint to hold Branch individually liable. R. & R. 9 & n. 8. The complaint's sole allegations on this point are: (1) that Branch was the "officer, director, shareholder, and/or principal[]" of the Afrikan Poetry Theatre, (2) that he "had a right and ability to supervise the infringing activities," and (3) that he "had an obvious and direct financial interest in the exploitation of the copyrighted materials." Compl. ¶¶ 5, 17, 33. In addition, Judge Pollak observed that plaintiff appeared to have abandoned its attempt to hold Branch individually liable, based on the fact that its memorandum in support of its motion for default judgment did not discuss this point and referred frequently to the singular corporate defendant. Id. at 8-9 & n.7 (discussing Pl.'s Mem. of Law in Supp. of Req. for J. by Default, ECF No. 11 ("Pl.'s Mem.")).

Plaintiff does not object to the report and recommendation's description of the relevant legal standards. As Judge Pollak stated, an individual may be held liable for contributory copyright infringement if he "authorized the use without permission from the copyright owner." Sony Corp. of Am. v. Universal City Studios, Inc., 464 U.S. 417, 437 (1984); Softel, Inc. v. Dragon Med. & Sci. Commc'ns, Inc., 118 F.3d 955, 971 (2d Cir. 1997). And an individual may be held vicariously liable for copyright infringement if he had the "right and ability to supervise the infringing activities and had an obvious and direct financial interest in the exploitation of [the] copyrighted materials." Garden City Boxing Club, Inc. v. Morales, No. 05-cv-0064, 2005 WL 2476264, at *10 (E.D.N.Y. Oct. 7, 2005); Softel, Inc., 118 F.3d at 971.

Rather, plaintiff objects to the report and recommendation's application of these standards. Objs. 2-6. Specifically, he argues that district courts have tended to find the type of factual allegations at issue here sufficient to hold a defendant individually liable. Id. Plaintiff acknowledges that the cases cited in the report and recommendation do support Judge Pollak's conclusion. Id. at 2; R. & R. 9 n.8 (citing Garden City Boxing Club, Inc. v. 135 Hunt Station Billiard, Inc., No. 07-cv-3849, 2012

2

WL 4328355, at *2 (E.D.N.Y. June 21, 2012), adopted Sept. 19, 2012, ECF No. 22, and J & J Sports Prods., Inc. v. Daley, No. 06-cv-238, 2007 WL 7135707, at *3-4 (E.D.N.Y. Feb. 15, 2007), adopted Mar. 19, 2007). In 135 Hunt Station Billiard, the court held that a defendant could not be held individually liable on the sole basis that he was the alleged owner of the infringing company. 2012 WL 4328355, at *2. And in Daley, the court held that a defendant could not be held individually liable on the basis that he was "the sole officer, director, shareholder, and/or principal" of the infringing company. 2007 WL 7135707, at *4. This was especially so, the Daley court reasoned, because the allegations did not make clear "which of those various positions . . . Daley actually held." Id. This lack of clarity meant that the court could not conclude that the defendant had the authority to supervise the infringing activities or had a financial stake in the infringement. Id.

Plaintiff argues that these cases are not controlling and that other district courts have reached the opposite conclusion on the same or similar facts. Objs. 2-4 (citing, inter alia, J & J Sports Prods. Inc. v. Can's Bar & Grill, Inc., No. 14-cv-3609, 2015 WL 3605662, at *3 (E.D.N.Y. June 3, 2015), and J & J Sports Prods., Inc. v. McAdam, No. 14-cv-5461, 2015 WL 8483362, at *3 (E.D.N.Y. Dec. 9, 2015)). Plaintiff also argues that, without discovery, it was not able to make any additional allegations about Branch's responsibilities at the Afrikan Poetry Theatre, either in its complaint or in its memorandum in support of its motion for default judgment. Objs. 5. Nor was it required to, it argues. Id.

Reviewing this issue de novo, I agree with Judge Pollak that Branch cannot be held individually liable based on the facts alleged in the complaint. As plaintiff observes, courts in this district are split on this issue. Objs. 2. In the absence of controlling authority, I find the reasoning in the cases cited by Judge Pollak most persuasive. See, e.g., Daley, 2007 WL 7135707, at *4. Plaintiff's allegation that Branch was the "officer, director, shareholder, and/or principal[]" of the Afrikan Poetry Theatre, Compl. ¶¶ 5, 17, 33, does not establish that Branch had the ability to supervise the infringing

3

broadcast, or that he had an "obvious and direct financial interest" in the infringement, Morales, 2005 WL 2476264, at *10.  And plaintiff's allegations that Branch did have "a right and ability to supervise the infringing activities" and "an obvious and direct financial interest in the exploitation of the copyrighted materials" cannot establish liability, as these are the types of "legal conclusions couched as factual allegations" that I am "not bound to accept as true." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

As to the remainder of the report and recommendation—to which there was no objection—I conclude that there is no clear error on the face of the record.  I therefore adopt the unobjected-to portions in their entirety.  Specifically, I adopt Judge Pollak's recommendations on the motion for default judgment as to the Afrikan Poetry Theatre Inc. and the amount of damages.

## CONCLUSION

For the reasons discussed above, I adopt Judge Pollak's report and recommendation in its entirety.  Plaintiff's motion for default judgment is therefore granted as to defendant Afrikan Poetry Theatre, Inc. and he is awarded $4,945.75 in damages and costs.  Plaintiff's motion for a default judgment is denied as to Saiku Branch—the default against him is vacated and the case against him is dismissed.

So ordered.

Dated: April 10, 2018                                                                            s/ Allyne R. Ross
       Brooklyn, NY                                                            Allyne R. Ross
                                                                                       United States District Judge